UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHARELL KELLY,

                      Plaintiff,

       -against-                                 **ORDER**
                                                         25-CV-1120-SJB-SIL
OFFICER MURPHY, OFFICER GELDMACHER,
OFFICER HAFFEY, OFFICER BURKE, and
LYNBROOK POLICE DEPARTMENT

                    Defendants.
------------------------------------------------------------------X

**BULSARA, United States District Judge:**

On February 27, 2025, Plaintiff Sharell Kelly brought this *pro se* Section 1983 action alleging Defendants the Lynbrook Police Department and four individual Lynbrook police officers violated her constitutional rights during a traffic stop and her subsequent arrest. (Compl. dated Feb. 11, 2025 ("Compl."), Dkt. No. 1 at 1–2). Defendants moved to stay the case pending resolution of Plaintiff's underlying state criminal action, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (Defs.' Mot. to Stay dated Mar. 20, 2025 ("Defs.' Mot. to Stay"), Dkt. No. 8). After missing the original deadline to respond, Plaintiff was directed to file any opposition to Defendants' motion by April 22, 2025, and warned that failure to do so would result in the Court deeming the motion as unopposed. (Order dated Apr. 8, 2025). Plaintiff has failed to respond. Having reviewed Defendants' motion, the stay is granted.

"*Younger* [abstention] generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." *Gristina v. Merchan*, 131 F.4th 82, 88 (2d Cir. 2025)

(quoting *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003)). "*Younger* and its progeny have identified . . . categories of 'exceptional' situations in which the prospect 'of undue interference with state proceedings' triggers *Younger* abstention. Those . . . [include]: (1) where there is a pending state criminal prosecution[.]" *Id.* at 86–87 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359, 367–68 (1989)).

"A district court abstaining under *Younger* must dispose of the claims in different ways depending on the relief requested. When *Younger* abstention is invoked against claims seeking only injunctive or declaratory relief, those claims are usually . . . dismissed with prejudice. . . . Damages for federal constitutional violations are not generally available in state criminal proceedings, and so the federal courts will allow a plaintiff to return to request such damages after the state criminal proceedings against him have concluded." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort County*, 105 F.4th 554, 559–60 (4th Cir. 2024).

If in addition to seeking injunctive relief, "the plaintiff requests monetary damages with respect to a claim, a 'District Court has no discretion to dismiss rather than to stay'" such a claim. *Id.* (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Kirschner v. Klemons*, 225 F. 3d 227, 238 (2d Cir. 2000) ("[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but . . . a stay of the action pending resolution of the state proceeding may be appropriate."); *Rosen v. County of Suffolk*, 53 F. App'x 578, 580–

81 (2d Cir. 2002) (vacating dismissal and remanding to district court to determine whether stay of federal damages claim would be appropriate pending the outcome of the related state proceedings).[1]

Here, the state charges against Plaintiff are pending in Nassau County Supreme Court.  (Defs.' Mot. to Stay at 2).  Although Plaintiff's federal Complaint seeks only monetary damages, her subsequent filings indicate she is seeking injunctive relief to halt or delay the criminal case.  And she does so by alleging false arrest, among other related claims.  (Compl. at 2–4).  Adjudicating the propriety of Plaintiff's arrest, where she is seeking both monetary and injunctive relief, while a criminal case predicated on that same arrest remains pending, would interfere with the state prosecution.  Accordingly, the action is stayed pending resolution of Plaintiff's criminal case.[2]  *See*

---

[1] "'[T]he extent to which the *Younger* doctrine applies to a federal action seeking only monetary relief' is an open question." *Jones v. County of Westchester*, 678 F. App'x 48, 50 (2d Cir. 2017) (quoting *Deakins*, 484 U.S. at 202); *see generally Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.  By contrast, while . . . federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.").  Here, however, Plaintiff is plainly seeking injunctive and declaratory relief, (Mot. for TRO and Prelim. Inj. dated Feb. 27, 2025, Dkt. No. 2 at 3), not purely damages.  *See also infra* n.2.

[2] Plaintiff filed an Amended Complaint which seeks to add a claim for injunctive relief, which plainly invokes *Younger*.  (Am. Compl. dated Feb. 24, 2025, Dkt. No. 19 at 8).  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").  The Amended Complaint, filed on April 21, 2025, is too late to be filed as a matter of right, and Defendants have not consented, so this Order addresses the original Complaint as the operative pleading.  Fed. R. Civ. P. 15(a)(1)(A).

3

*Washington v. County of Rockland*, 373 F.3d 310, 319 (2d Cir. 2004) ("[I]f the claims raised in federal court would necessarily implicate factual issues pending in the underlying state . . . proceeding, pursuant to *Younger* and its progeny, the federal suit would be stayed pending disposition of the underlying state proceedings."); *e.g.*, *Braithwaite v. Collins*, No. 22-CV-161, 2022 WL 1624122, at *3 (E.D.N.Y. May 23, 2022); *Williams v. Toto*, No. 20-CV-4593, 2021 WL 2351176, at *12 (E.D.N.Y. June 9, 2021).

Additionally, Plaintiff filed several motions that are not responsive to Defendants' motion to stay. (Mot. for TRO dated Apr. 15, 2025 ("Apr. 15 TRO"), Dkt. No. 12; Mot. to Compel Fed. Jurisdiction dated Feb. 24, 2025, Dkt. No. 13; Mot. for TRO and Prelim. Inj. dated Feb. 24, 2025, Dkt. No. 16; Mot. to Compel Fed. Jurisdiction dated Feb. 24, 2025, Dkt. No. 17). These motions, which include a duplicate filing of Plaintiff's motion for temporary restraining order that the Court previously denied, (Order dated Feb. 28, 2025), are facially meritless and barred by *Younger*, as Plaintiff seeks to enjoin the pending state proceedings and prevent the State of New York from "[e]nforcing any warrants, citations, orders, or penalties[.]" (Apr. 15 TRO at 2–3). The motions are denied. *Sprint Commc'ns, Inc.* 571 U.S. at 72.

## CONCLUSION

For the reasons stated above, the action is stayed pending resolution of Plaintiff's underlying state criminal proceedings, and Plaintiff's motions to compel and for a temporary restraining order and preliminary injunction are denied. Plaintiff is directed to file a letter with the Court by July 7, 2025, indicating the status of her criminal case and, if resolved, whether she seeks to lift the stay of this case. Failure to file a status

4

letter update may lead to the dismissal of the case.  Defendants are directed to serve a copy of this Order on Plaintiff and file proof of service on the docket.

          SO ORDERED.

          */s/ Sanket J. Bulsara*
          SANKET J. BULSARA
          United States District Judge

Date:  May 2, 2025
       Central Islip, New York